UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No.   4:23-CR-00248 SEP NCC |
| | ) |
| CHARLES WEBSTER, | ) |
| | ) |
| Defendant. | ) |

**UNITED STATES OF AMERICA'S**
**MOTION FOR PRETRIAL DETENTION AND HEARING**

COMES NOW the United States of America and moves the magistrate judge to order defendant detained pending trial.  The United States of America states as follows in support of its motion:

1. Under the Bail Reform Act of 1984, 18 U.S.C. § 3142(e), a defendant may be detained without bail prior to trial where, after a hearing, a judicial officer finds that the United States has shown by clear and convincing evidence that no release condition or set of conditions will reasonably assure the safety of the community.  In the alternative, the United States may show by a preponderance of the evidence that defendant is a risk of flight.  Stated another way, no condition or set of conditions will reasonably assure the defendant's appearance.  *See* 18 U.S.C. § 3142(c), (e)-(f); *United States v. Abad*, 350 F.3d 793, 797 (8th Cir. 2003) (*citing United States v. Kisling*, 334 F.3d 734, 735 (8th Cir. 2003) (*quoting United States v. Orta*, 760 F.2d 887, 891 (8th Cir. 1985) (en banc))); *United States v. Dorsey*, 852 F.2d 1068, (8th Cir. 1988); *United States v. Lewis*, 676 F. Supp. 1008, 1018 (E.D. Mo. 1991); *United States v. Payne*, 660 F. Supp. 288, 291 (E.D. Mo. 1987).

2. Furthermore, the Bail Reform Act describes the factors to be considered in determining whether the required conditions of release exist.  18 U.S.C. § 3142(g).  The court is directed to take into consideration the available information concerning:

> (1)   the nature and circumstances of the offense charged, including whether the offense is a crime of violence…or involves a…firearm, explosive, or destructive devise;
>
> (2)   the weight of the evidence against the person;

> (3)  the history and characteristics of the person, including - - (A) his character, physical and mental condition, family ties, employment, financial resources, length of residence in the community, community ties, past conduct, history relating to drug or alcohol abuse, criminal history, and record concerning appearance at court proceedings…;
>
> (4)  the nature and seriousness of the danger to any person or the community that would be posed by the person's release…*Id*.

In doing so, it is appropriate for this court to consider challenged evidence in ruling on a motion for pretrial detention. *United States v. Apker*, 964 F.2d 742, (8th Cir. 1992) (citing 18 U.S.C. § 3142(f) (rules concerning admissibility of evidence in criminal trials do not apply in detention hearings); *United States v. Angiulo*, 755 F.2d 969, 974 (1st Cir. 1985) (challenged information via electronic surveillance may be considered regarding detention ruling at least until court determines information was illegally obtained)).

   3.   Detention is appropriate pursuant to Title 18, United States Code, Sections 3142(g)(1), 3142(g)(2), 3142(g)(3) and Section 3142(g)(4).  The nature and circumstances of the offenses merit detention.  Defendant is charged with being a previously convicted felon in the possession of a firearm on March 1, 2023.  Equally troubling are the efforts defendant undertook immediately after arrest to tamper with a witness, which has also been charged in the indictment.  The criminal indictment constitutes a determination of probable cause that each of these acts occurred and was committed by defendant. *See United States v. Strickland*, 932 F. 2d 1353, 1354 (10th Cir. 1991).

   4.   The weight of the evidence against defendant is strong and supports detention.  During the course of a lawful traffic stop, defendant admitted to the presence of a firearm within the vehicle being driven by him.  Although defendant attempted to identify an alternative owner of the firearm, the falsity of defendant's statements was proven through multiple recorded telephone communications defendant had while detained immediately after his arrest.  The language contained in the indictment's count two is pulled directly from defendant's recorded conversations which are uncontradicted, affirmative evidence of defendant's witness tampering.

   5.   Defendant's personal characteristics are troubling.[1]  A search of available law enforcement databases related to defendant's criminal history has determined that,

---

[1]    The United States of America incorporates herein by this reference the Affidavit filed in United States District Court for the Eastern District of Missouri Case Number 4:23-MJ-9107-RHH.

among other things, defendant has been previously convicted for unlawful use of a weapon with drugs in Saint Louis City Circuit Court Case Number 1522CR01333201 and was sentenced to a term of probation that was later revoked, resulting in confinement. Stated another way, defendant has been unsuccessful under previous terms of court supervision.-

Defendant has also been convicted for tampering first degree in Dekalb County Circuit Court Case Number 16DKCR0004701 where he received a two-year sentence and for theft of a vehicle in Adams County Circuit Court Case Number. Upon information and belief, defendant has also been arrested but not convicted of tampering with a motor vehicle first degree; stealing of a motor vehicle; unlawful use of a weapon; unlawful use of a concealed weapon; and unlawful possession of a firearm. To this point, the United States reserves the right to supplement its information in this regard based upon additional information compiled by the pretrial services office.

6. Defendant is a risk of flight. Defendant is facing charges carrying penalties up to 15 years' and 10 years' imprisonment, respectively. The substantial punishment defendant is facing at the federal level where parole has been abolished provides an overwhelming incentive to flee to avoid prosecution. *See United States v. Kaplan*, Case No. 4:06CR337 CEJ (E.D. Mo. June 13, 2007) (Medler, J.) (defendant detained where, among other things, maximum amount of over 70 years of imprisonment provided incentive to flee) (*citing United States v. Martir*, 782 F.2d 1141, 1147 (2nd Cir. 1986) (maximum combined terms of imprisonment of a 105 years creates potent incentives to flee); *United States v. Arndt*, 329 F. Supp. 2d 182, 199 (D. Mass. 2004) (facing lengthy term of imprisonment is in itself an incentive to flee); *United States v. Lewis*, 767 F. Supp. 1008, 1010 (E.D. Mo. 1991) (facing severe sentence if convicted provides incentive to flee)). In fact, a court's concern that the possibility of life imprisonment may heighten the risk of flight is relevant and a valid, singular basis for detention. *United States v. El-Gabrowny*, 35 F.3d 63, 65 (2d Cir. 1994) (no constitutional violation in long pretrial detention where prospect of lengthy term in prison provides great incentive to flee); *United States v. Gonzalez*, 995 F. Supp. 1299, 1303 (D. N.M. 1998); *United States v. Nichols*, 897 F. Supp. 542, 547 (W.D. Okla. 1995) (prospect of lengthy prison term, life imprisonment, or death penalty provides defendant with great incentive to flee).

7. Lastly, if necessary, the United States requests that a detention hearing be held three (3) days from the date of defendant's initial appearance before the magistrate judge pursuant to Title 18, United States Code, Section 3142(f)(1)(B) because defendant has been charged with one or more offenses where the maximum term of imprisonment is life and pursuant to Section 3142(f)(1)(C) because defendant has been charged with one or more drug offenses under the Controlled Substances Act where the maximum term of imprisonment is 10 years or more. There is also compelling evidence set forth above that there is a serious risk that defendant will flee pursuant to Section 3142(f)(2)(A).

Continuing the detention hearing three (3) days from the date of defendant's initial appearance will allow the parties and the magistrate judge the benefit of, among other things, having access to the complete information contained in the pretrial services report if the report is not yet completed by the time of defendant's initial appearance.

WHEREFORE, the United States respectfully requests this magistrate judge to order defendant detained prior to trial.

> Respectfully submitted,
> SAYLER A. FLEMING
> United States Attorney
>
> /s/ Thomas Rea
> ANGIE DANIS, #64805MO
> THOMAS REA, #53245MO
> Assistant United States Attorneys